UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA TODD CAPPS,

    Plaintiff,

    v.      CASE NO. 8:14-CV-1402-T-30MAP

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    This is an action for review of the administrative denial of disability insurance benefits (DIB) and period of disability benefits. *See* 42 U.S.C. § 405(g). Plaintiff argues that the decision of the Administrative Law Judge (ALJ) is not supported by substantial evidence because the ALJ improperly discounted the opinions of his treating physicians, posed an incomplete hypothetical to the vocational expert (VE), and failed to properly evaluate the side effects of his medication. After considering the parties' briefs (docs. 15, 16) and the administrative record in this case, I recommend the matter be remanded for further administrative proceedings.

    *A.*    *Background*

    Plaintiff Joshua Capps was born on September 24, 1988, and obtained a GED as his highest level of education. (R. 487-88) He has past work experience as a meat cutter, a fast food manager, a hand packager, and a laborer (R. 33) Plaintiff alleges disability commencing August 9, 2009, due to degenerative disc disease, back pain, hypertension, diabetes, depression, and bipolar disorder. (R.166-67) After a hearing, the ALJ found Plaintiff has the severe impairments of "degenerative disc disease of the thoracic spine with disc protrusions at the T7-T8 levels, mild degenerative disc disease

of the cervical spine, degenerative disc disease of the lumbar spine with disc extrusions at multiple levels, dysthymic disorder, major depressive disorder, and morbid obesity." (R. 24)  Aided by the testimony of a vocational expert (VE), the ALJ determined that Plaintiff is not disabled as he has the residual functional capacity (RFC) to perform a limited range of sedentary work.  Specifically, the ALJ found:

> The claimant remains able to life and carry 15 pounds occasionally, 10 pounds frequently.  The claimant has a limited ability to sit, to stand and to walk.  He remains able to sit for 6 hours in an 8-hour day and can stand and walk 2 hours in an 8-hour day.  He requires the option to sit and stand every 30 minutes.  The claimant cannot climb ladders or scaffolds and cannot crawl.  He remains able to occasionally climb, balance, stoop, crouch, and kneel.  He must avoid moving machinery, unprotected heights, and hazards.  He remains able to perform simple, repetitive, routine tasks with some moderate limitations.  The claimant has moderate limitation in the ability to maintain attention and concentration, and in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and in the ability to set realistic goals.  He can meet the mental demands of a well-structured task activity.  His social interaction is appropriate and the adaptive skills of the individual are preserved. The claimant may need some support in goal setting but as far as the capacity to work, he has only moderation limitations. The definition of moderate is that he has moderate limitations in that particular area but is still able to function satisfactorily.

(R. 27)

The ALJ determined that, with this RFC, Plaintiff could not perform his past relevant work but could work as an assembler or document preparer. (R. 35)  The Appeals Council denied review. Plaintiff, who has exhausted his administrative remedies, filed this action.

    *B.*    *Standard of Review*

To be entitled to DIB, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than

12 months." *See* 42 U.S.C. § 423(d)(1)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform his past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted).

The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

    C.    *Discussion*

        1.    *ALJ's consideration of Plaintiff's treating physicians' opinions*

Plaintiff argues that the ALJ's decisions to assign little weight to treating physician Dr. Blazejowski's opinions and omit discussion of the treatment records of Plaintiff's pain management physicians are unsupported by substantial evidence. Medical opinions are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011) (*quoting* 20 C.F.R. § 404.1527(a)(2)). A court must give a treating physician's opinions substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause for disregarding such opinions "exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citation omitted). With good cause, an ALJ may disregard a treating physician's opinion, but he "must clearly articulate the reasons for doing so." *Winschel*, 631 F.3d at 1179 (*quoting Phillips v. Barnhart*, 357

4

at 1240 n.8). Additionally, the ALJ must state the weight given to different medical opinions and the reasons therefor. *Id*.; *see also* 20 C.F.R. § 404.1574(a)(1-2). Otherwise, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Specifically, the opinions of examining physicians are given more weight than non-examining physicians, treating more than non-treating physicians, and specialists more than non-specialists physicians. 20 C.F.R. § 404.1574(d)(1),(2),(5).

The ALJ did not specifically discuss or reference Plaintiff's treatment history with Gulf-to-Bay Pain Medicine. Plaintiff was treated there from June 2010 through June 2012, and the ALJ's failure to consider the clinic's records is an omission requiring remand, according to Plaintiff. To be sure, in this circuit, an ALJ's "lack of explanation for failing to address a treating physician's opinion is particularly troublesome when that physician was the claimant's long-time treating physician." *Nyberg v. Comm'r of Soc. Sec.*, 179 F. App'x 589, 591 (11th Cir. 2006) (citation and quotations omitted). The Commissioner, on the other hand, concedes the ALJ did not discuss the Gulf-to-Bay records but states this is harmless error as the records would not have changed the ALJ's RFC determination.[1]

Plaintiff treated at Gulf-to-Bay approximately 11 times over two years. (R. 309-14, 466-73) In June 2010, he began treatment at the pain management clinic with complaints of severe lower back pain. Although Gulf-to-Bay's handwritten records are difficult to read, Plaintiff was diagnosed

---

[1] The Commissioner does not address the issue of the Gulf-to-Bay records head-on. Instead, the Commissioner asserts reasons why the ALJ's RFC determination is supported by substantial evidence (an issue Plaintiff does not raise). Admittedly, these two issues are related, but it is worth noting that the Commissioner's brief is in places a confusing hodge-podge of boilerplate social security topics, some of which Plaintiff does not raise.

5

with degenerative disc disease and degenerative joint disease and prescribed medication, including Vicodin, to help with pain. Plaintiff consistently reported considerable and increasing pain in his back, neck, and hips. The records note that Plaintiff had a limited range of motion in his spine, ribs, pelvis, head, and neck. In March 2011, he reported increased upper and lower back pain, and in August 2011, he reported severe daily headaches. He was treated through medication therapy.

The ALJ did not consider this evidence specifically. Instead, the ALJ relied heavily on the consultative evaluation of Dr. Jose Pizarro, who conducted a one-time, in-person evaluation of Plaintiff in March 2011. (R. 300-04) Dr. Pizarro concluded Plaintiff's impairments were all related to his morbid obesity, his back pain would most likely be resolved if he were not obese, and he was not limited in his activities of daily living. Armed with Dr. Pizarro's conclusions, the ALJ discounted the opinion of Dr. Blazejowski, another of Plaintiff's treating physicians. (*See* R. 32) Dr. Blazejowski treated Plaintiff for two years (R. 326-97, 419-22), and, in 2011, provided the Commissioner with a treating source statement that indicated Plaintiff had marked restrictions in daily living, could stand for less than 2 hours in a workday, walk less than 2 hours, sit for less than 8 hours, and needs to lie down at unpredictable intervals. (R. 419-22) In discounting Dr. Blasejowski's findings, the ALJ stated:

> [They] are not supported by the evidence of diagnostic testing or clinical findings. The opinions expressed provide very little explanation of the evidence relied upon in forming that opinion. . . . In addition, the doctor's opinion is without substantial support from the evidence of record, including DDS opinions and those of Dr. Pizarro, which obviously renders it less persuasive. . . . Therefore, the undersigned finds that the opinions of Dr. Blazejowski are given minimal weight when considering the objective evidence of the entire record.

(R. 32) What is unclear, however, is whether the "objective evidence of the entire record" the ALJ is referring to includes the Gulf-to-Bay records.

At the least, the opinions of the Gulf-to-Pain physicians who treated Plaintiff for two years corroborate Dr. Blazejowski's opinions. Nonetheless, the ALJ fails to mention these records. The ALJ also fails to state the weight, if any, he gave to that medical evidence. I am thus unable to determine if the ALJ applied the proper legal standard and gave the treating physician's evidence substantial or considerable weight or found good cause not to do so. *See Wiggins v. Schweiker*, 679 F.2d 1387, 1390 (11th Cir. 1982). It follows that I cannot say the error is harmless. This is especially important in light of the ALJ's reliance on the opinion of non-treating physician Dr. Pizarro in discounting those of Dr. Blazejowski, whose findings are corroborated by the Gulf-to-Bay records. I recommend that the District Judge remand the case for reconsideration by the ALJ, who should evaluate all the evidence according to the respective weight required by law and render a decision that will provide a reviewing court with the basis for determining if he applied the correct legal standards. *See Nyberg*, 179 F. App'x at 591-92; *Graves v. Comm'r of Soc. Sec.,* No. 3:11-cv-667-J-MCR, 2012 WL 3715228, at *5 (M.D. Fla. Aug. 28, 2012); *Pavlou v. Astrue*, No. 8:09-cv-1456-T-30MAP, 2010 WL 33440515, at *4 (M.D. Fla. Aug. 6, 2010).

Plaintiff also argues the ALJ's decision to assign little weight to Dr. Blazejowski's opinion is not supported by substantial evidence.[2] I do not need to discuss this issue, as I remand for the ALJ to consider all the evidence, including Dr. Blazejowski's records.

2.   *ALJ's consideration of side effects of Plaintiff's medication*

Because I find remand is appropriate due to the ALJ's failure to properly evaluate medical

---

[2] Plaintiff makes the separate argument that the ALJ should have incorporated Dr. Blazejowski's opinions into the hypothetical question he posed to the VE. I do not need to address this issue, as I find remand appropriate due to the ALJ's failure to appropriately consider treating physicians' opinions.

opinions, it is unnecessary to address the Plaintiff's remaining contention that the ALJ improperly considered the side effects from Plaintiff's medication.

### D. Conclusion

For the reasons stated, I recommend:

(1) that judgment be entered for the Plaintiff and the matter remanded for further administrative proceedings consistent with this report; and

(2) the Clerk be directed to enter judgment for Plaintiff.

IT IS SO REPORTED in Tampa, Florida on May 18, 2015.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attaching the factual findings on appeal. 28 U.S.C. § 636(b)(1).